<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| CARA DEVLIN,<br><br>     Plaintiff,<br><br>     v.<br><br>UBER TECHNOLOGIES, INC.; UBER USA, LLC; RASIER, LLC; KAWSAR DOE[1]; JOHN DOES 2-5; ABC CORPORATIONS 1-5; and KAWSAR RAYHAN HAYDER,<br><br>     Defendants. | Case No. 2:25-cv-18212 (BRM) (CF)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

   Before the Court is Defendants Uber Technologies, Inc. ("Uber"), Uber USA, LLC ("Uber USA"), and Raiser, LLC's ("Raiser") (collectively, the "Uber Defendants") Motion to Compel Arbitration and Stay the Case ("Motion"). (ECF No. 20.) Plaintiff Cara Devlin ("Plaintiff") filed an Opposition. (ECF No 24.) The Uber Defendants replied. (ECF No. 25.) Having reviewed and considered the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, the Uber Defendants' Motion is **GRANTED**.

**I.  BACKGROUND**

   This is a negligence action stemming from a motor vehicle accident. (*See* Am. Compl.

---

[1] As explained in Plaintiff's Opposition, Plaintiff initially filed this lawsuit using the fictitious name of "Kawsar Doe," and then filed an Amended Complaint substituting the fictitious name with the correct name, Kawsar Rayhan Hayder. (ECF No. 24 at 1–2.)

(ECF No. 10).) On February 5, 2024, Plaintiff was a passenger in a car operated by Defendant Kawsar Rayhan Hayder ("Hayder"), an Uber driver. (*Id.* ¶¶ 9–10, 17.) Hayder crashed the car into a parked motor vehicle, resulting in Plaintiff's injuries. (*Id.* ¶¶ 11, 14.) The crash occurred in Hoboken, New Jersey. (*Id.* ¶ 9.)

The Uber Defendants removed this action from the Superior Court of New Jersey, Hudson County, on December 5, 2025. (ECF No. 1.) On January 5, 2026, Plaintiff filed an Amended Complaint. (ECF No 10.) The Uber Defendants filed the Motion on March 20, 2026. (ECF No. 20.) Plaintiff filed a three-page letter opposing the Motion on April 6, 2026 (ECF No. 24), and the Uber Defendants replied on April 10, 2026 (ECF No. 25[2]).[3]

## II.   LEGAL STANDARD

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, "establishes a policy in favor of arbitration that requires the liberal reading of arbitration agreements and the resolution of any doubts in favor of arbitration." *S. Broward Hosp. Dist. v. Medquist, Inc.*, 258 F. App'x 466, 467 (3d Cir. 2007) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25,

---

[2] The Uber Defendants appear to have filed an identical, duplicate version of their Reply brief the same day. (*See* ECF No. 26.)

[3] On February 24, 2026, the Uber Defendants requested leave to file a motion to compel arbitration. (ECF No. 16.) The next day, the Court ordered counsel to respond to that request by noon on March 2, 2026. (ECF No. 17.) On March 5, 2026, Plaintiff filed a letter requesting an adjournment of the Rule 26 conference. (ECF No. 18.) In that letter, Plaintiff did not argue the Uber Defendants should not be permitted to file a motion to compel arbitration—rather, Plaintiff stated "Defendant Uber has taken the position that the matter should be moved to arbitration. The court granted Defendant Uber's request to file a motion on that issue and expects to file the motion within a week. Plaintiff will oppose that motion." (*Id.* at 2.) Judge Cari Fais "so ordered" Plaintiff's letter on March 8, 2026. (ECF No. 19.) On March 20, 2026, the Uber Defendants filed an Answer to the Amended Complaint. (ECF No. 21.) On March 25, 2026, Plaintiff filed a letter, dated March 19, 2026, from the New Jersey Motor Vehicle Commission, which was addressed to Hayder and included "copies of a summons and complaint" in this matter. (ECF No. 22.) Hayder filed an Answer on March 8, 2026. (ECF No. 27.)

(1983)). The FAA provides a written provision "to settle by arbitration a controversy . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "Decades ago, the Supreme Court discussed 9 U.S.C. § 2 as 'a congressional declaration of a liberal federal policy favoring arbitration agreements.'" *White v. Samsung Elecs. Am., Inc.*, 61 F.4th 334, 338 (3d Cir. 2023) (quoting *Moses*, 460 U.S. at 24). More recently, the Supreme Court explained "the FAA's 'policy favoring arbitration' does not authorize federal courts to invent special, arbitration-preferring procedural rules." *Morgan v. Sundance, Inc.*, 596 U.S. 411, 418 (2022) (quoting *Moses*, 460 U.S. at 24). Rather, this policy "is to make 'arbitration agreements as enforceable as other contracts, but not more so.'" *Id.* (quoting *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 n.12 (1967)). "Accordingly, a court must hold a party to its arbitration contract just as the court would to any other kind." *Id.*

When addressing a motion to compel arbitration, a federal court is "limited to a 'narrow scope' of inquiry." *Gay v. CreditInform*, 511 F.3d 369, 386 (3d Cir. 2007) (quoting *Great W. Mortg. Corp. v. Peacock*, 110 F.3d 222, 228 (3d Cir. 1997)); *MZM Constr. Co. v. N.J. Bldg. Laborers Statewide Benefit Funds*, 974 F.3d 386, 399 (3d Cir. 2020). The Court may consider only narrow "gateway matters" that touch on the question of arbitrability, such as whether an arbitration agreement applies to a particular controversy, or whether the parties are bound by the arbitration clause. *Certain Underwriters at Lloyd's London v. Westchester Fire Ins. Co.*, 489 F.3d 580, 585 (3d Cir. 2007).

"[Q]uestions of arbitrability, including challenges to an arbitration agreement's validity, are presumed to be questions for judicial determination." *Guidotti v. Legal Helpers Debt Resol., L.L.C.*, 716 F.3d 764, 773 (3d Cir. 2013) (citation omitted). "In considering a motion to compel arbitration, a court must engage in a two-step analysis: it must determine first whether there is a

valid agreement to arbitrate and, if so, whether the specific dispute falls within the scope of said agreement." *Thomas v. Jenny Craig, Inc.*, Civ. A. No. 10-2287, 2010 WL 3076861, at * 3 (D.N.J. Aug. 4, 2010) (citing *Century Indem. Co. v. Certain Underwriters at Lloyd's*, 584 F.3d 513, 523 (3d Cir. 2009); *Salvadori v. Option One Mortg. Corp.*, 420 F. Supp. 2d 349, 356 (D.N.J. 2006)). "State contract principles apply in ascertaining whether the parties to an action have agreed to arbitrate." *Sarbak v. Citigroup Glob. Mkts., Inc.*, 354 F. Supp. 2d 531, 537 (D.N.J. 2004) (citing *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *Blair v. Scott Specialty Gases*, 283 F.3d 595, 603 (3d Cir. 2002)).

"Where arbitrability is apparent on the face of the complaint, a Rule 12(b)(6) standard of review should be applied to the motion to compel arbitration." *Sauberman v. Avis Rent a Car Sys., L.L.C.*, Civ. A. No. 17-756, 2017 WL 2312359, at *2 (D.N.J. May 26, 2017) (citing *Guidotti*, 716 F.3d at 774). However, the "Rule 12(b)(6) standard is inappropriate when either 'the motion to compel arbitration does not have as its predicate a complaint with the requisite clarity' to establish on its face that the parties agreed to arbitrate" or when "the opposing party has come forth with reliable evidence that is more than a 'naked assertion . . . that it did not intend to be bound' by the arbitration agreement, even though on the face of the pleadings it appears that it did." *Guidotti*, 716 F.3d at 774. Rather, courts should use the Rule 56 summary judgment standard. *Id.* "Therefore, a court must first determine whether there is a genuine issue of material fact as to whether a valid arbitration agreement exists." *Jayasundera v. Macy's Logistics & Operations, Dep't of Hum. Res.*, Civ. A. No. 14-7455, 2015 WL 4623508, at *2 (D.N.J. Aug. 3, 2015). In making this determination, the party opposing arbitration receives "the benefit of all reasonable doubts and inferences that may arise." *Id.*

### III.    DECISION

The Uber Defendants argue Plaintiff's claims against them must be submitted to arbitration pursuant to the arbitration agreement in Uber's Terms of Use. (*See* ECF No. 20-2 at 1–17.)[4] Plaintiff explicitly agrees her claims against the Uber Defendants are subject to arbitration. (ECF No. 24 at 2 ("Plaintiff concedes that the claims against the Uber Defendants, *only*, are subject to the arbitration provision contained in the Terms of Use.").) The only dispute, therefore, concerns whether the Court should stay the claims against Hayder, the only remaining Defendant. The Uber Defendants contend Plaintiff's claims against co-defendants not subject to the arbitration provisions, including Hayder, must be stayed pending arbitration. (ECF No. 20-2 at 18.) Plaintiff responds her claim against Hayder is not subject to arbitration and must be litigated in this Court. (ECF No. 24 at 2.)

"Under the FAA and the [New Jersey Arbitration Act], a court must stay an arbitrable action pending the arbitration." *Perez v. Sky Zone LLC*, 276 A.3d 190, 197 (N.J. Super. Ct. App. Div. 2022) (citing 9 U.S.C. § 3; N.J. Stat. Ann. § 2A:23B-7(g)). "Although not mandatory, when significant overlap exists between parties and issues, claims against parties who have not agreed to arbitrate should be stayed pending the arbitration." *Id.* (citing *Barrowclough v. Kidder, Peabody & Co.*, 752 F.2d 923, 938 (3d Cir. 1985), *rev'd on other grounds*, *Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 1110 (3d Cir. 1993)); *see also Crawford v. W. Jersey Health Sys. (Voorhees Div.)*, 847 F. Supp. 1232, 1243 (D.N.J 1994) ("Where significant overlap exists between parties and issues, courts generally stay the entire action pending arbitration.").

---

[4] The page numbers in the Uber Defendants' Motion begin with and count sequentially from page "11." (*See* ECF No. 20-2.) Therefore, the Court will use the Electronic Case Files ("ECF") page numbers at the top of the documents when citing to the record in this Opinion.

Here, the Court agrees with the Uber Defendants—this case involves a "significant overlap between the parties and the issues." (ECF No. 25 at 3.) Plaintiff acknowledges the "Uber Defendants correctly point out that stays are typically entered on claims against co-defendants when 'significant overlap exists between parties and issues,'" but Plaintiff argues, without citing any authority or support, that no such overlap exists in this case. (ECF No. 24 at 2.) To the contrary, this litigation concerns a single car accident in which Plaintiff alleges Hayder negligently caused Plaintiff's injuries, and Plaintiff is attempting to hold the Uber Defendants liable for Hayder's negligence. (ECF No. 10 ¶¶ 9–14, 17–18.) Moreover, Plaintiff claims the Uber Defendants "failed to exercise care in hiring, supervising, and training" Hayder. (*Id.* ¶¶ 22–25.) Therefore, Hayder's negligence is directly related to the claims against the Uber Defendants, and a stay of the claims against Hayder pending arbitration is warranted.

Accordingly, the Uber Defendants' Motion is **GRANTED**, and the remainder of the litigation is **STAYED** pending the arbitration. *See McGinty v. Zheng*, No. A-1368-23, 2024 WL 4248446, at \*1 (N.J. Super. Ct. App. Div. Sept. 20, 2024) (remanding for entry of order compelling arbitration against Uber and Raiser and staying action against other defendants "because the record does not establish these [other] defendants are bound by Uber's arbitration provision").[5]

---

[5] Plaintiff asserts "the determination of this matter before the appearance of Defendant Hayder is premature" because "the Uber Defendants intend to disclaim coverage for Defendant Hayder." (ECF No. 24 at 3.) However, Hayder has since appeared in this action by filing an Answer (ECF No. 27), and regardless, the Uber Defendants' alleged position as to coverage of Hayder does not impact this Court's obligation to compel arbitration and decision to stay the matter.

**IV.    CONCLUSION**

For the reasons set forth above, the Uber Defendants' Motion (ECF No. 20) is **GRANTED**.

An appropriate order follows.

*/s/ Brian R. Martinotti*

**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: June 26, 2026